UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAFAEL FOX, PAUL D'AURIA, and JILL SHWINER, <br><br>                    Plaintiffs, <br><br>          -against- <br><br> STARBUCKS CORPORATION d/b/a STARBUCKS COFFEE COMPANY, <br><br>                    Defendant. | Case No. 19-CV-4650 (AJN) <br><br> **PARTIAL ANSWER** |

Defendant Starbucks Corporation d/b/a Starbucks Coffee Company ("Starbucks") hereby responds to the complaint of Plaintiffs Rafael Fox, Paul D'Auria and Jill Shwiner (the "Plaintiffs") as follows:

## STARBUCKS' PARTIAL MOTION TO DISMISS

Starbucks has moved to dismiss Plaintiffs' First Cause of Action, which comprises portions of paragraphs 16 through 86 and paragraphs 104 through 107 of Plaintiffs' Complaint. Pursuant to Rule 12(a)(4) of the Federal Rules of Civil Procedure, the deadline for Starbucks to answer the allegations subject to the Partial Motion to Dismiss is held in abeyance until after the Court rules on Starbucks' Motion. To the extent a response to the allegations in those paragraphs is required, however, Starbucks denies the allegations therein.

## NATURE OF THE CLAIMS

1.     Denies the allegations set forth in paragraph 1 of the Complaint.

2.     Admits that Plaintiffs purport to invoke the jurisdiction of the Court as set forth therein, but otherwise paragraph 2 of the Complaint contains a conclusion of law to which no response is required.

3.      Denies the allegations set forth in paragraph 3 of the Complaint, except admits venue in this Court is proper.

## PARTIES

4.      Admits the allegations set forth in paragraph 4 of the Complaint, except denies having knowledge or information concerning Plaintiff Fox's residence.

5.      Admits the allegations set forth in paragraph 5 the Complaint, except denies knowledge or information concerning the period that Plaintiff D'Auria provided services to Starbucks or concerning his residence.

6.      Admits the allegations set forth in paragraph 6 the Complaint, except denies knowledge or information concerning the period that Plaintiff Shwiner provided services to Starbucks or concerning her residence.

7.      Admits the allegations set forth in paragraph 7 of the Complaint.

## FACTUAL ALLEGATIONS

8.      Denies the allegations set forth in paragraph 8 of the Complaint, except admits that Plaintiff Fox ("Fox") was employed by Starbucks for sixteen years, including as a Store Manager, and that his employment was terminated in February 2018.

9.      Denies the allegations set forth in paragraph 9 of the Complaint, except admits that Fox served as a store manager at three different locations prior to his termination.

10.     Denies the allegations set forth in paragraph 10 of the Complaint, except admits that Fox received awards during his employment.

11.     Admits the allegations set forth in paragraph 11 of the Complaint.

12.     Denies the allegations set forth in paragraph 12 of the Complaint.

13.     Denies the allegations set forth in paragraph 13 of the Complaint.

14.     Denies the allegations set forth in paragraph 14 of the Complaint, except admits that Fox replaced William Banfield, the prior Store Manager.

15.     Denies the allegations set forth in paragraph 15 of the Complaint, except admits that Starbucks terminated Fox's employment.

16-86.     The allegations in paragraphs 16 through 86 of the Complaint are the subject of Starbucks' Partial Motion to Dismiss. To the extent a response to the allegations in those paragraphs is required at this time, Starbucks denies the allegations therein.

87.     Denies the allegations set forth in paragraph 87 of the Complaint, except admits that Fox was assigned to serve as Store Manager at the Starbucks store located at 180 West Broadway.

88.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 88 of the Complaint.

89.     Denies the allegations set forth in paragraph 89 of the Complaint.

90.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 90 of the Complaint.

91.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 91 of the Complaint.

92.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 92 of the Complaint.

93.     Denies the allegations set forth in paragraph 93 of the Complaint.

94.     Denies the allegations set forth in paragraph 94 of the Complaint.

95.     Denies the allegations set forth in paragraph 95 of the Complaint, except admits that Fox sent an email on November 3, 2017 and refer to that email for its contents.

96.     Denies the allegations set forth in paragraph 96 of the Complaint, except admits that Fox sent an email on November 3, 2017 and refer to that email for its contents.

97.     Denies the allegations set forth in paragraph 97 of the Complaint, except admits that Fox sent an email on November 3, 2017 and refer to that email for its contents.

98.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 98 of the Complaint.

99.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 99 of the Complaint.

100.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 100 of the Complaint.

101.     Denies the allegations set forth in paragraph 101 of the Complaint.

102.     Denies the allegations set forth in paragraph 102 of the Complaint, except admits that Starbucks terminated Fox's employment on February 8, 2018.

103.     Denies the allegations set forth in paragraph 103 of the Complaint.

## FIRST CAUSE OF ACTION
### (Negligent Infliction of Emotional Harm)
### On Behalf of all Plaintiffs

104-107. The allegations in paragraphs 104 through 107 of the Complaint are the subject of Starbucks' Partial Motion to Dismiss. To the extent a response to the allegations in those paragraphs is required at this time, Starbucks denies the allegations therein.

## SECOND CAUSE OF ACTION
### (Retaliation in Violation of NYLL § 215: Conduct Prohibited by NYLL § 200)
### On Behalf of Fox

108.     In response to paragraph 108 of the Complaint, Starbucks repeats and re-alleges each and every response to paragraphs 1 through 107 as if fully set forth herein.

109.     Denies the allegations set forth in paragraph 109 of the Complaint.

110.     Paragraph 110 sets forth a legal conclusion to which no response is required. To the extent paragraph 110 is construed to contain factual allegations, Starbucks denies the allegations set forth in paragraph 110.

111.     Denies the allegations set forth in paragraph 111 of the Complaint.

112.     Denies the allegations set forth in paragraph 112 of the Complaint.

113.     Denies the allegations set forth in paragraph 113 of the Complaint.

114.     Denies the allegations set forth in paragraph 114 of the Complaint.

115.     Denies the allegations set forth in paragraph 115 of the Complaint.

## THIRD CAUSE OF ACTION
### (Retaliation in Violation of NYLL § 215: Unlawful Wage Practices)
### On Behalf of Fox

116.     In response to paragraph 116 of the Complaint, Starbucks repeats and re-alleges each and every response to paragraphs 1 through 115 as if fully set forth herein.

117.     Denies the allegations set forth in paragraph 117 of the Complaint.

118.     Denies the allegations set forth in paragraph 118 of the Complaint.

119.     Denies the allegations set forth in paragraph 119 of the Complaint.

120.     Denies the allegations set forth in paragraph 120 of the Complaint.

## FOURTH CAUSE OF ACTION
### (Retaliation in Violation of FLSA § 15(a)(3))
### On Behalf of Fox

121.     In response to paragraph 121 of the Complaint, Starbucks repeats and re-alleges each and every response to paragraphs 1 through 120 as if fully set forth herein.

122.     Denies the allegations set forth in paragraph 122 of the Complaint.

123.     Denies the allegations set forth in paragraph 123 of the Complaint.

124.    Denies the allegations set forth in paragraph 124 of the Complaint.

125.    Denies the allegations set forth in paragraph 125 of the Complaint.

126.    Denies the allegations set forth in paragraph 126 of the Complaint.

## PRAYER FOR RELIEF

Denies that Plaintiffs are entitled to the relief set forth in the Complaint's "WHEREFORE" Clause, inclusive of subparagraphs A through K.

## AFFIRMATIVE AND OTHER DEFENSES

Without admitting any allegations asserted in the Complaint, Starbucks asserts the following affirmative and other defenses. Nothing stated in any of the following defenses constitutes a concession that Starbucks bears any burden of proof on any issue on which they would not otherwise bear such burden.

## FIRST DEFENSE

127.    The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

128.    To the extent Plaintiffs' claims are based on alleged actions that occurred outside the applicable statutes of limitation, such claims are barred.

## THIRD DEFENSE

129.    Plaintiffs' claims fail to the extent they are barred, either in whole or in part, by the doctrines of waiver, laches, and/or estoppel.

## FOURTH DEFENSE

130.    To the extent Starbucks took any actions with regard to Fox's employment, the actions were based solely on legitimate, non-retaliatory factors, and were made in good faith, in compliance with all applicable laws.

## FIFTH DEFENSE

131.     All decisions made by Starbucks with respect to Fox and all actions taken with respect to his employment were made without malice, ill will, fraud, oppression or any other improper motive, and the alleged actions on which Fox premises his claims in the Complaint are insufficient to warrant imposition of punitive damages.

## SIXTH DEFENSE

132.     Fox's retaliation claims fails as a matter of law because he cannot establish that he engaged in any protected activity or that any alleged protected activity was the "but for" cause of any adverse employment action.

## SEVENTH DEFENSE

133.     At all times relevant to the allegations in the Complaint, Starbucks exercised reasonable care to prevent any retaliatory behavior alleged by Fox.

## EIGHTH DEFENSE

134.     To the extent Fox has failed to make diligent and good faith efforts to mitigate his purported damages, any relief awarded upon his claims in this action must be dismissed or reduced, in whole or in part.

## NINTH DEFENSE

135.     Fox's claims are barred, in whole or in part, by the New York Workers' Compensation Law and the exclusivity remedy provision thereof.

## RESERVATION OF RIGHTS TO SUPPLEMENT DEFENSES

136.     Starbucks reserves the right to seek leave to amend the Answer and/or assert additional defenses should such defenses become known during the course of litigation in this action.

**WHEREFORE,** Starbucks respectfully requests judgment granting the following relief:

a.      Dismissing Plaintiffs' Complaint in its entirety;

b.      Awarding Starbucks its costs, disbursements, and attorneys' fees incurred in defending this action; and

c.      Awarding Starbucks such other and further relief as the Court deems just and proper.

Date:   July 12, 2019
        New York, New York

                                        *s/ A. Michael Weber*
                                        A. Michael Weber
                                        Devjani H. Mishra
                                        Joseph E. Field
                                        LITTLER MENDELSON, P.C.
                                        900 Third Avenue
                                        New York, New York  10022.3298
                                        212.583.9600

                                        Attorneys for Defendant