UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| RAFAEL FOX, PAUL D'AURIA, and JILL SHWINER, | Case No. 19-CV-4650 (AJN) |
| Plaintiffs, | **AMENDED ANSWER** |
| -against- | |
| STARBUCKS CORPORATION d/b/a STARBUCKS COFFEE COMPANY, | |
| Defendant. | |

Defendant Starbucks Corporation d/b/a Starbucks Coffee Company ("Starbucks") hereby amends its Answer and responds to the complaint of Plaintiffs Rafael Fox, Paul D'Auria and Jill Shwiner (the "Plaintiffs") as follows:

## STARBUCKS' PARTIAL MOTION TO DISMISS

On July 12, 2019 Starbucks moved to dismiss Plaintiffs' First Cause of Action (ECF No. 14), which comprises portions of paragraphs 16 through 86 and paragraphs 104 through 107 of Plaintiffs' Complaint and as such, pursuant to Rule 12(a)(4) of the Federal Rules of Civil Procedure, the deadline for Starbucks to answer the allegations subject to the Partial Motion to Dismiss was held in abeyance until after the Court ruled on Starbucks' Motion. The Court ruled on Starbucks' Motion, granting Starbucks' motion with respect to paragraphs 104 through 107 for Plaintiff Rafael Fox, and denying Starbucks' motion with respect to paragraphs 104 through 107 of the Complaint for Plaintiffs Paul D'Auria and Jill Shwiner. Starbucks hereby amends its Partial Answer to the Complaint.

## NATURE OF THE CLAIMS

1.     Denies the allegations set forth in paragraph 1 of the Complaint.

2.      Admits that Plaintiffs purport to invoke the jurisdiction of the Court as set forth therein, but otherwise paragraph 2 of the Complaint contains a conclusion of law to which no response is required.

3.      Denies the allegations set forth in paragraph 3 of the Complaint, except admits venue in this Court is proper.

## PARTIES

4.      Admits the allegations set forth in paragraph 4 of the Complaint, except denies having knowledge or information concerning Plaintiff Fox's residence.

5.      Admits the allegations set forth in paragraph 5 the Complaint, except denies knowledge or information concerning the period that Plaintiff D'Auria provided services to Starbucks or concerning his residence.

6.      Admits the allegations set forth in paragraph 6 the Complaint, except denies knowledge or information concerning the period that Plaintiff Shwiner provided services to Starbucks or concerning her residence.

7.      Admits the allegations set forth in paragraph 7 of the Complaint.

## FACTUAL ALLEGATIONS

8.      Denies the allegations set forth in paragraph 8 of the Complaint, except admits that Plaintiff Fox ("Fox") was employed by Starbucks for sixteen years, including as a Store Manager, and that his employment was terminated in February 2018.

9.      Denies the allegations set forth in paragraph 9 of the Complaint, except admits that Fox served as a store manager at three different locations prior to his termination.

10.     Denies the allegations set forth in paragraph 10 of the Complaint, except admits that Fox received awards during his employment.

11.     Admits the allegations set forth in paragraph 11 of the Complaint.

12.     Denies the allegations set forth in paragraph 12 of the Complaint.

13.     Denies the allegations set forth in paragraph 13 of the Complaint.

14.     Denies the allegations set forth in paragraph 14 of the Complaint, except admits that Fox replaced William Banfield, the prior Store Manager.

15.     Denies the allegations set forth in paragraph 15 of the Complaint, except admits that Starbucks terminated Fox's employment.

16.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17.     Denies the allegations set forth in paragraph 17 of the Complaint.

18.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint.

19.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint, except admits that AVP is a pest management control services provider.

20.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint, except admits that Starbucks contracted with AVP to provide pest management services to certain of its store locations in Manhattan and that Plaintiff D'Auria was at least partially responsible for servicing said Starbucks locations.

21.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint.

22.     Denies the allegations set forth in paragraph 22 of the Complaint, except admits that Starbucks contracted with AVP to provide pest management services to certain of its store locations in Manhattan.

23.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint, admits that Starbucks contracted with AVP to provide pest management services to certain of its store locations in Manhattan and that Plaintiff D'Auria was at least partially responsible for servicing said Starbucks locations.

24.     Admits the allegations set forth in paragraph 24 of the Complaint.

25.     Denies the allegations set forth in paragraph 25 of the Complaint, except admits that Plaintiff D'Auria was given keys and security codes to certain of the Starbucks Manhattan locations.

26.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint.

27.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint.

28.     Denies the allegations set forth in paragraph 28 of the Complaint, except admits that Plaintiff Shwiner provided periodic training to certain Starbucks personnel regarding pest management.

29.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint, except admits that Plaintiff Shwiner attended some walk-throughs of Starbucks locations in Manhattan.

30.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint, except admits that Plaintiff Shwiner occasionally responded to address pest control matters in certain Starbucks locations.

31.     Denies the allegations set forth in paragraph 31 of the Complaint, except denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Complaint as it pertains to food establishments other than Starbucks.

32.     Denies the allegations set forth in paragraph 32 of the Complaint.

33.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Complaint.

34.     Denies the allegations set forth in paragraph 34 of the Complaint.

35.     Denies the allegations set forth in paragraph 35 of the Complaint.

36.     No response is required to the allegations contained in paragraph 36 of the Complaint.  To the extent a response is required, Starbucks denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Complaint.

37.     No response is required to the allegations contained in paragraph 37 of the Complaint.  To the extent a response is required, Starbucks denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Complaint.

38.     No response is required to the allegations contained in paragraph 38 of the Complaint.  To the extent a response is required, Starbucks denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Complaint.

39.      No response is required to the allegations contained in paragraph 39 of the Complaint.  To the extent a response is required, Starbucks denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Complaint.

40.      No response is required to the allegations contained in paragraph 40 of the Complaint.  To the extent a response is required, Starbucks denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Complaint.

41.      No response is required to the allegations contained in paragraph 41 of the Complaint.  To the extent a response is required, Starbucks denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Complaint.

42.      No response is required to the allegations contained in paragraph 42 of the Complaint.  To the extent a response is required, Starbucks denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint.

43.      No response is required to the allegations contained in paragraph 43 of the Complaint.  To the extent a response is required, Starbucks denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the Complaint.

44.      No response is required to the allegations contained in paragraph 44 of the Complaint.  To the extent a response is required, Starbucks denies the allegations set forth in paragraph 44 of the Complaint.

45.     Denies the allegations set forth in paragraph 45 of the Complaint.

46.     Denies the allegations set forth in paragraph 46 of the Complaint, except denies having knowledge or information sufficient to form a belief as to the truth of the allegations with respect to what Mr. D'Auria discovered while servicing Starbucks locations in Manhattan.

47.     Denies the allegations set forth in paragraph 47 of the Complaint, except denies having knowledge or information sufficient to form a belief as to the truth of the allegations with respect to what Mr. D'Auria photographed while servicing Starbucks locations in Manhattan.

48.     No response is required to the allegations contained in paragraph 48 of the Complaint.  To the extent a response is required, Starbucks denies having knowledge or information sufficient to form a belief as to the truth of the allegations with respect to what Mr. D'Auria photographed while servicing Starbucks locations in Manhattan.

49.     No response is required to the allegations contained in paragraph 49 of the Complaint.  To the extent a response is required, Starbucks denies having knowledge or information sufficient to form a belief as to the truth of the allegations with respect to what Mr. D'Auria photographed while servicing Starbucks locations in Manhattan.

50.     Denies the allegations set forth in paragraph 50 of the Complaint, except denies having knowledge or information sufficient to form a belief as to the truth of the allegations with respect to what Mr. D'Auria forwarded to Ms. Shwiner while servicing Starbucks locations in Manhattan.

51.     Denies the allegations set forth in paragraph 51 of the Complaint, except admits that Plaintiff Shwiner informed certain Starbucks personnel that No-Pest Strips should not be used in Starbucks stores.

52.     Denies the allegations set forth in paragraph 52 of the Complaint.

53.     No response is required to the allegations contained in paragraph 53 of the Complaint.  To the extent a response is required, Starbucks denies the allegations set forth in paragraph 53 of the Complaint, except admits that upon receipt of certain written advice from AVP, Starbucks properly relayed this advice to the store and district managers.

54.     No response is required to the allegations contained in paragraph 54 of the Complaint.  To the extent a response is required, Starbucks denies the allegations set forth in paragraph 54 of the Complaint, except admits that upon receipt of certain written advice from AVP, Starbucks properly relayed this advice to the store and district managers.

55.     No response is required to the allegations contained in paragraph 55 of the Complaint.  To the extent a response is required, Starbucks denies the allegations set forth in paragraph 55 of the Complaint, except admits that upon receipt of certain written advice from AVP, Starbucks properly relayed this advice to the store and district managers.

56.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 of the Complaint, except admits that Plaintiff Shwiner informed certain Starbucks personnel that No-Pest Strips should not be used in Starbucks stores.

57.     No response is required to the allegations contained in paragraph 57 of the Complaint.  To the extent a response is required, Starbucks denies the allegations set forth in paragraph 57 of the Complaint, except admits that Plaintiff Shwiner informed certain Starbucks personnel that No-Pest Strips should not be used in Starbucks stores.

58.     No response is required to the allegations contained in paragraph 58 of the Complaint.  To the extent a response is required, Starbucks denies the allegations set forth in paragraph 58 of the Complaint.

59.     Denies the allegations set forth in paragraph 59 of the Complaint.

60.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of the Complaint.

61.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 of the Complaint.

62.     Denies the allegations set forth in paragraph 62 of the Complaint.

63.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63 of the Complaint, except admits that Plaintiff Fox was re-assigned to work as store manager of the 180 West Broadway Starbucks location.

64.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64 of the Complaint.

65.     Denies the allegations set forth in paragraph 65 of the Complaint, except denies having knowledge or information sufficient to form a belief as to the truth of the allegations about Mr. Fox's fears as set forth in paragraph 65 of the Complaint.

66.     Denies the allegations set forth in paragraph 66 of the Complaint.

67.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 67 of the Complaint.

68.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 68 of the Complaint.

69.     Denies the allegations set forth in paragraph 69 of the Complaint, except denies having knowledge or information sufficient to form a belief as to the truth of the allegations as to what photographic evidence Mr. Fox did or did not obtain, and admits that Mr. Fox was terminated on February 8, 2018.

70.     Denies the allegations set forth in paragraph 70 of the Complaint.

71.     No response is required in response to the allegations in paragraph 71 as to the documents speak for themselves.  To the extent a response is required, Starbucks denies the allegations set forth in paragraph 71 of the Complaint, except admits that Plaintiff Shwiner informed certain Starbucks personnel that No-Pest Strips should not be used in Starbucks stores.

72.     Denies the allegations set forth in paragraph 72 of the Complaint.

73.     Denies the allegations set forth in paragraph 73 of the Complaint.

74.     Denies the allegations set forth in paragraph 74 of the Complaint.

75.     Denies the allegations set forth in paragraph 75 of the Complaint, except denies having knowledge or information sufficient to form a belief as to the truth of the allegations relating to what Mr. D'Auria and Ms. Shwiner discovered at their "scheduled work locations".

76.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 76 of the Complaint.

77.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 77 of the Complaint.

78.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 78 of the Complaint.

79.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 79 of the Complaint.

80.     Denies the allegations set forth in paragraph 80 of the Complaint, except denies having knowledge or information sufficient to form a belief as to the truth of the allegations relating to what Mr. D'Auria discovered.

81.     No response is required in response to the allegations in paragraph 81 as to the documents speak for themselves.  To the extent a response is required, Starbucks denies having

knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 81 of the Complaint.

82.　　Denies the allegations set forth in paragraph 82 of the Complaint.

83.　　Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 83 of the Complaint.

84.　　Denies the allegations set forth in paragraph 84 of the Complaint, except denies having knowledge or information sufficient to form a belief as to the truth of the allegations relating to Mr. D'Auria's feelings of despair.

85.　　Denies the allegations set forth in paragraph 85 of the Complaint, except admits that Starbucks terminated its contract with AVP.

86.　　Denies the allegations set forth in paragraph 86 of the Complaint, except denies having knowledge or information sufficient to form a belief as to the truth of the allegations relating to whether Starbucks' decision to terminate the AVP contract "came as a particular surprise".

87.　　Denies the allegations set forth in paragraph 87 of the Complaint, except admits that Fox was assigned to serve as Store Manager at the Starbucks store located at 180 West Broadway.

88.　　Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 88 of the Complaint.

89.　　Denies the allegations set forth in paragraph 89 of the Complaint.

90.　　Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 90 of the Complaint.

91.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 91 of the Complaint.

92.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 92 of the Complaint.

93.     Denies the allegations set forth in paragraph 93 of the Complaint.

94.     Denies the allegations set forth in paragraph 94 of the Complaint.

95.     Denies the allegations set forth in paragraph 95 of the Complaint, except admits that Fox sent an email on November 3, 2017 and refer to that email for its contents.

96.     Denies the allegations set forth in paragraph 96 of the Complaint, except admits that Fox sent an email on November 3, 2017 and refer to that email for its contents.

97.     Denies the allegations set forth in paragraph 97 of the Complaint, except admits that Fox sent an email on November 3, 2017 and refer to that email for its contents.

98.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 98 of the Complaint.

99.     Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 99 of the Complaint.

100.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 100 of the Complaint.

101.    Denies the allegations set forth in paragraph 101 of the Complaint.

102.    Denies the allegations set forth in paragraph 102 of the Complaint, except admits that Starbucks terminated Fox's employment on February 8, 2018.

103.     Denies the allegations set forth in paragraph 103 of the Complaint.

## FIRST CAUSE OF ACTION

### (Negligent Infliction of Emotional Harm)

### On Behalf of all Plaintiffs

104.     Pursuant to the Court's Order on Starbucks' Motion to Dismiss (ECF No. 34), no response is required to the allegations set forth in paragraph 104 of the Complaint as they pertain to Plaintiff Rafael Fox.  With respect to Plaintiffs Paul D'Auria and Jill Shwiner, in response to paragraph 104 of the Complaint, Starbucks repeats and re-alleges each and every response to paragraphs 1 through 103 as if fully set forth herein.

105.     Pursuant to the Court's Order on Starbucks' Motion to Dismiss (ECF No. 34), no response is required to the allegations set forth in paragraph 105 of the Complaint as they pertain to Plaintiff Rafael Fox.  With respect to Plaintiffs Paul D'Auria and Jill Shwiner, in response to paragraph 105 of the Complaint, Starbucks denies the allegations set forth therein.

106.     Pursuant to the Court's Order on Starbucks' Motion to Dismiss (ECF No. 34), no response is required to the allegations set forth in paragraph 106 of the Complaint as they pertain to Plaintiff Rafael Fox.  With respect to Plaintiffs Paul D'Auria and Jill Shwiner, in response to paragraph 106 of the Complaint, paragraph 106 sets forth a legal conclusion to which no response is required.  To the extent paragraph 107 is construed to contain factual allegations, Starbucks denies the allegations set forth therein.

107.     Pursuant to the Court's Order on Starbucks' Motion to Dismiss (ECF No. 34), no response is required to the allegations set forth in paragraph 107 of the Complaint as they pertain to Plaintiff Rafael Fox.  With respect to Plaintiffs Paul D'Auria and Jill Shwiner, paragraph 107 sets forth a legal conclusion to which no response is required. To the extent paragraph 107 is construed to contain factual allegations, Starbucks denies the allegations set forth therein.

## SECOND CAUSE OF ACTION

### (Retaliation in Violation of NYLL § 215: Conduct Prohibited by NYLL § 200)

### On Behalf of Fox

108.      In response to paragraph 108 of the Complaint, Starbucks repeats and re-alleges each and every response to paragraphs 1 through 107 as if fully set forth herein.

109.      Denies the allegations set forth in paragraph 109 of the Complaint.

110.      Paragraph 110 sets forth a legal conclusion to which no response is required. To the extent paragraph 110 is construed to contain factual allegations, Starbucks denies the allegations set forth in paragraph 110.

111.      Denies the allegations set forth in paragraph 111 of the Complaint.

112.      Denies the allegations set forth in paragraph 112 of the Complaint.

113.      Denies the allegations set forth in paragraph 113 of the Complaint.

114.      Denies the allegations set forth in paragraph 114 of the Complaint.

115.      Denies the allegations set forth in paragraph 115 of the Complaint.

## THIRD CAUSE OF ACTION

### (Retaliation in Violation of NYLL § 215: Unlawful Wage Practices)

### On Behalf of Fox

116.      In response to paragraph 116 of the Complaint, Starbucks repeats and re-alleges each and every response to paragraphs 1 through 115 as if fully set forth herein.

117.      Denies the allegations set forth in paragraph 117 of the Complaint.

118.      Denies the allegations set forth in paragraph 118 of the Complaint.

119.      Denies the allegations set forth in paragraph 119 of the Complaint.

120.      Denies the allegations set forth in paragraph 120 of the Complaint.

**FOURTH CAUSE OF ACTION**

**(Retaliation in Violation of FLSA § 15(a)(3))**

**On Behalf of Fox**

121.     In response to paragraph 121 of the Complaint, Starbucks repeats and re-alleges each and every response to paragraphs 1 through 120 as if fully set forth herein.

122.     Denies the allegations set forth in paragraph 122 of the Complaint.

123.     Denies the allegations set forth in paragraph 123 of the Complaint.

124.     Denies the allegations set forth in paragraph 124 of the Complaint.

125.     Denies the allegations set forth in paragraph 125 of the Complaint.

126.     Denies the allegations set forth in paragraph 126 of the Complaint.

**PRAYER FOR RELIEF**

Denies that Plaintiffs are entitled to the relief set forth in the Complaint's "WHEREFORE" Clause, inclusive of subparagraphs A through K.

**AFFIRMATIVE AND OTHER DEFENSES**

Without admitting any allegations asserted in the Complaint, Starbucks asserts the following affirmative and other defenses. Nothing stated in any of the following defenses constitutes a concession that Starbucks bears any burden of proof on any issue on which they would not otherwise bear such burden.

**FIRST DEFENSE**

127.     The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

128.     To the extent Plaintiffs' claims are based on alleged actions that occurred outside the applicable statutes of limitation, such claims are barred.

**THIRD DEFENSE**

129.     Plaintiffs' claims fail to the extent they are barred, either in whole or in part, by the doctrines of waiver, laches, and/or estoppel.

**FOURTH DEFENSE**

130.     To the extent Starbucks took any actions with regard to Fox's employment, the actions were based solely on legitimate, non-retaliatory factors, and were made in good faith, in compliance with all applicable laws.

**FIFTH DEFENSE**

131.     All decisions made by Starbucks with respect to Fox and all actions taken with respect to his employment were made without malice, ill will, fraud, oppression or any other improper motive, and the alleged actions on which Fox premises his claims in the Complaint are insufficient to warrant imposition of punitive damages.

**SIXTH DEFENSE**

132.     Fox's retaliation claims fails as a matter of law because he cannot establish that he engaged in any protected activity or that any alleged protected activity was the "but for" cause of any adverse employment action.

**SEVENTH DEFENSE**

133.     At all times relevant to the allegations in the Complaint, Starbucks exercised reasonable care to prevent any retaliatory behavior alleged by Fox.

**EIGHTH DEFENSE**

134.     To the extent Fox has failed to make diligent and good faith efforts to mitigate his purported damages, any relief awarded upon his claims in this action must be dismissed or reduced, in whole or in part.

**NINTH DEFENSE**

135.    Fox's claims are barred, in whole or in part, by the New York Workers' Compensation Law and the exclusivity of the remedy provision thereof.

**TENTH DEFENSE**

136.    Plaintiffs' own conduct and negligence was the proximate cause of any damages they allegedly sustained.

**ELEVENTH DEFENSE**

137.    Plaintiffs' claims fail because any alleged action or failure to act on the part of Defendant was not the proximate cause of any injuries to Plaintiffs.

**TWELFTH DEFENSE**

138.    Plaintiffs' claims for negligence fail because Defendant did not owe any obligation or duty personal to Plaintiffs, and in any event, Defendant breached no duty, nor did Plaintiffs suffer any injury due to any purported negligence on behalf of Defendant.

**THIRTEENTH DEFENSE**

139.    Plaintiffs' claims are barred by the doctrine of avoidable consequences because Defendant took reasonable steps to comply with the law, but Plaintiffs unreasonably failed to follow their policies and practices and failed to use the preventative and corrective opportunities provided to them, and the reasonable adherence to or use of such procedures would have prevented at least some, if not all, of the harm Plaintiffs allegedly suffered.

**RESERVATION OF RIGHTS TO SUPPLEMENT DEFENSES**

1.    Starbucks reserves the right to seek leave to amend the Answer and/or assert additional defenses should such defenses become known during the course of litigation in this action.

**WHEREFORE,** Starbucks respectfully requests judgment granting the following relief:

a.      Dismissing Plaintiffs' Complaint in its entirety;

b.      Awarding Starbucks its costs, disbursements, and attorneys' fees incurred in defending this action; and

c.      Awarding Starbucks such other and further relief as the Court deems just and proper.

Date:   September 16, 2020
        New York, New York

                                        *s/ A. Michael Weber*
                                        A. Michael Weber
                                        Devjani H. Mishra
                                        Rebecca Goldstein
                                        LITTLER MENDELSON, P.C.
                                        900 Third Avenue
                                        New York, New York  10022.3298
                                        212.583.9600

                                        Attorneys for Defendant