# FILOSA GRAFF LLP

Ariel Y. Graff
(212) 203-3473
agraff@filosagraff.com

October 2, 2020

**VIA ECF**

The Hon. Sarah Netburn
United States Magistrate Judge
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    <u>*Fox, et al. v. Starbucks Corporation* – Case No. 19-cv-4650 (AJN)(SN)</u>

Dear Judge Netburn:

As Your Honor is aware, we represent Plaintiffs in the above-referenced matter. We write, pursuant to Rule II(C) of Your Honor's individual practices, to respectfully request the Court's intervention to resolve the discovery dispute described below, which arises out of Starbucks's refusal to provide documentation concerning backpay that it allegedly issued to employees who were deprived of wages as a result of time-clock manipulation by a Store Manager who Plaintiff Fox was re-assigned to replace in October 2017.[1]

## I.    BACKGROUND

As set forth in the Complaint, Plaintiff Fox alleges that he was unlawfully terminated from his employment as a Starbucks Store Manager due, in part, to Defendant's retaliation against him for having investigated, identified, and agitated for remediation of the underpayment of wages owed to dozens of employees who worked (or had previously worked) at the Starbucks location at West Broadway and Leonard – to which Mr. Fox was transferred as Store Manager in October 2017 (*see* Compl. ¶¶ 87-103). Mr. Fox's predecessor at that location had been terminated for manipulating timeclock records and depriving employees of earned wages. Upon his transfer, Mr. Fox sought to learn more about the schedules and attendance records of his new employees. He did so by conducting an independent audit of the Global Labor System ("GLS") time keeping

---

[1]    The parties are currently scheduled for an informal conference before Your Honor on Monday, October 5, in connection with two prior letter applications by Plaintiffs. We respectfully request the opportunity to address the additional dispute described very briefly herein at that upcoming conference or, if appropriate, following Defendant's opportunity to file a responsive letter.

    Prior to making this application, we conferred with Defendant's counsel by telephone, most recently on Wednesday, as well as by email (both prior and subsequent to that telephonic conference) but we were unable to resolve this dispute before reaching a clear impasse this morning.

records for his new store. Mr. Fox almost immediately discovered that several employees had performed hours of work without pay in the weeks prior to his assignment to that location.

Mr. Fox raised his concerns and findings about that location to his then-District Manager, Leslie Fable, in November 2017. Later that month, Tim Hutchinson replaced Mr. Fable as District Manager—and Mr. Fox subsequently met with Mr. Hutchinson to review his findings about unpaid wages at that location in detail, including documentation demonstrating that at least 29 employees had been deprived of wages. Mr. Hutchinson never followed up with Mr. Fox as to his detailed findings. Instead, Mr. Hutchinson informed Mr. Fox on February 8 that his employment was terminated effective immediately. The asserted justification for Mr. Fox's termination was that *he* had purportedly violated wage and hour laws and Company standards with respect to employees at that very same location. As of the date of Mr. Fox's abrupt termination, the GLS system reflected that none of the 29 (or more) impacted employees had been issued backpay.

In the course of depositions in this case, not a single witness (including 30(b)(6) designees) had any knowledge or information as to whether Starbucks had, in fact, issued backpay to the impacted employees — whether prior to Mr. Fox's transfer to that location, or in response to his detailed complaints and reports to two consecutive district managers during his brief tenure at that location, or at any time thereafter. Certain witnesses did suggest, however — albeit in an entirely conclusory manner —that they believed backpay would have been issued, and that Mr. Fox's subsequent investigation and reports of further unpaid wages were either wrong and/or redundant of Starbucks's own purported investigation and corrective actions prior to Mr. Fox's transfer.

If the various witnesses' conclusory musings were accurate on this point, it would bolster Starbucks's defense that Mr. Fox's complaints and reports about unpaid wages were irrelevant and had no impact on the decision to terminate his employment. If, however, Starbucks (whether through neglect or mendacity) elected to *not* issue backpay after terminating the prior Store Manager for timeclock manipulation, then Mr. Fox's continued agitation for correction of the never-remedied wage theft would surely bolster Plaintiffs' claim that Starbucks concocted a pretext to terminate him in reprisal and/or to silence his pushback on the issue.

Although basic payroll records reflecting backpay payments (if such records exist) would be in Starbucks's possession and to Starbucks's benefit to disclose, Starbucks has nevertheless refused to provide any documentation demonstrating that it paid backpay to the impacted employees as it claims. Instead, without stating definitively whether such documentation even exists, Starbucks invokes a roster of tenuous objections, including overbreadth, undue burden, irrelevance and lack of proportionality. These objections seem impossible to reconcile with the very limited discovery that Plaintiffs are requesting, which could be satisfied by simply providing a list of names, dates and backpay amounts paid to the employees at issue. It would also be unfair for Plaintiffs to be forced to proceed to summary judgment and trial without being able to confirm whether Starbucks's conclusory assertions of having remedied the subject of Mr. Fox's wage complaints are merely self-serving and unsupported by fact.

We therefore respectfully request that Starbucks be directed to produce documentation (if any exists) sufficient to demonstrate the payment of backpay to employees at the West Broadway and Leonard store in connection with the timeclock manipulation for which Mr. Fox's predecessor Store Manager was allegedly terminated in or around November 2017.

Thank you for Your Honor's consideration

Respectfully submitted,

Ariel Y. Graff

cc: All counsel of record