# **EXHIBIT 52**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAFAEL FOX, PAUL D'AURIA and JILL SHWINER,<br><br>          Plaintiffs,<br><br>-against-<br><br>STARBUCKS CORPORATION d/b/a STARBUCKS COFFEE COMPANY,<br><br>          Defendant. | Case No. 19-CV-4650 (AJN)<br><br>**DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES** |

  Defendant Starbucks Corporation d/b/a Starbucks Coffee Company ("Starbucks" or "Defendant"), by and through its counsel Littler Mendelson, P.C., submits these amended answers and objections to Plaintiffs' First Set of Interrogatories, dated October 25, 2019 (the "Interrogatories") as follows:

### GENERAL CONDITIONS FOR RESPONSES

  1. Defendant has endeavored to respond to the Interrogatories on the basis of the best information currently available to it. Information obtained by Defendant from Rafael Fox ("Fox"), Paul D'Auria ("D'Auria") and Jill Shwiner ("Shwiner") (collectively "Plaintiffs") and/or from any other person or entity through the future utilization of discovery procedures or otherwise may be relevant to the substance of Defendant's instant responses and Defendant is not purporting to provide such information, if any, in the instant responses.

  2. Defendant does not waive any objections based on relevance, materiality, competency, privilege, immunity from disclosure, admissibility, or any other grounds.

**INTERROGATORY NO. 5:** Identify each and every person who has knowledge in any way relating to the decision to terminate Plaintiff Fox's employment with Defendant.

**OBJECTIONS AND ANSWER:**

Defendant objects to this interrogatory insofar as it seeks information neither relevant to the claims or defenses in this action nor proportional to the needs of the case. Defendant further objects to this interrogatory as overbroad in scope and time and thus unnecessarily burdensome. Defendant also objects to the extent that this interrogatory seeks information protected by attorney-client privilege and the attorney work product doctrine. Subject to and without waiving the foregoing objections, Defendant identifies the following individuals: Tina McDonald, Rachel Kelly, Carla Ruffin, Bradley Jennison, and Tim Hutchinson.

**INTERROGATORY NO. 6:** Identify each and every person who has knowledge in any way relating to the explanation Defendant relayed to any representative of the New York City Department of Consumer Affairs for the decision to terminate Plaintiff Fox's employment with Defendant.

**OBJECTIONS AND ANSWER:**

Defendant objects to this interrogatory insofar as it seeks information neither relevant to the claims or defenses in this action nor proportional to the needs of the case. Defendant further objects to this interrogatory as overbroad in scope and time and thus unnecessarily burdensome. Defendant also objects to the extent that this interrogatory seeks information protected by attorney-client privilege and the attorney work product doctrine. Subject to and without waiving the foregoing objections, Defendant identifies the following individuals: Tina McDonald and Rachel Kelly.

**INTERROGATORY NO. 7:** Identify each and every person who has knowledge in any way relating to any disciplinary action taken against any employee of Defendant in connection

7

with the misuse of any pesticide on Defendant's premises in New York City from January 2015 to the present.

**OBJECTIONS AND ANSWER:**

Defendant objects to this interrogatory insofar as it seeks information neither relevant to the claims or defenses in this action nor proportional to the needs of the case. Defendant further objects to this interrogatory as overbroad in scope and time and thus unnecessarily burdensome. Defendant also objects to this interrogatory to the extent that it assumes facts neither admitted nor otherwise established. Subject to and without waiving the foregoing objections, Defendant responds that it is not aware of any individual who has knowledge of specific disciplinary action taken against a Starbucks employee in connection with the misuse of a pesticide in Defendant's New York City locations from January 2015 to the present.

**INTERROGATORY NO. 8:** Identify each and every person who has knowledge in any way relating to the failure of any managerial employee of Defendant in the City of New York to comply fully with any provisions or rule concerning compliance with the NYC Fair Workweek Law at any time from its enactment to the present.

**OBJECTIONS AND ANSWER:**

Defendant objects to this interrogatory insofar as it seeks information neither relevant to the claims or defenses in this action nor proportional to the needs of the case. Defendant further objects to this interrogatory as overbroad in scope and time and thus unnecessarily burdensome. Subject to and without waiving the foregoing objections, Defendant identifies the following individuals: Tina McDonald, Rachel Kelly, Rhesa Welch, Brad Jennison, Carla Ruffin, Kate McShane, Alexis Vertucci, Ron Schuler, Tim Hutchinson, Leslie Fable, Gary Morrow, Kirk Brewster, Timi Ashebir, Fazel Razavi, Lauren Luces, and Jennifer Scott.

8

## VERIFICATION

I, Rachel Kelly, Director Partner Resources of Starbucks Corporation, hereby certify and state that I have read the responses contained herein and know the content thereof, and that said responses, subject to inadvertent or undiscovered errors, are based upon my personal knowledge, and that said responses are true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

_Rachel Kelly_
Rachel Kelly